# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KRISTEN DE NUTO | \* | |
| (aka Kristen De Nuto Sudacki) and, | \* | |
| WILLIS J. DE NUTO, JR. | \* | No. 17-104V |
| as Substituted Administrators | \* | Special Master Christian J. Moran |
| of the Estate of ANDREA DE NUTO | \* | |
| (aka Andrea DeNuto), Deceased, | \* | Filed: June 12, 2019 |
| | \* | |
| Petitioners, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \*

Kate G. Westad, SiebenCarey, Minneapolis, MN, for Petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

---

[1] The undersigned intends to post this Ruling on the United States Court of
Federal Claims' website. This means the ruling will be available to anyone with
access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14
days to identify and move to redact medical or other information, the disclosure of
which would constitute an unwarranted invasion of privacy.  If, upon review, the
undersigned agrees that the identified material fits within this definition, the
undersigned will redact such material from public access. Because this unpublished
ruling contains a reasoned explanation for the action in this case, the undersigned
is required to post it on the United States Court of Federal Claims' website in

On March 4, 2019, petitioners Kristen De Nuto and Willis J. De Nuto, Jr., as substituted administrators of the estate of Andrea De Nuto, moved for final attorneys' fees and costs. They are awarded **$47,045.45**.

\*      \*      \*

On January 23, 2017, petitioners filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that the influenza ("flu") vaccine Ms. De Nuto received on October 18, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer Guillain-Barré syndrome and/or transverse myelitis, which ultimately led to her death. The petition further alleged that Ms. De Nuto suffered the residual effects of this injury for more than six months. The parties submitted a joint stipulation that was incorporated by a decision awarding petitioners compensation in the amount of $345,000.00. Decision, issued August 22, 2018.

On March 4, 2019, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $45,012.50 and attorneys' costs of $8,024.45 for a total request of $53,036.95. Fees App. at 1. Pursuant to General Order No. 9, petitioners warrant they have not personally incurred any costs in pursuit of this litigation. Id.

On March 18, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioners did not file a reply thereafter.

\*      \*      \*

---

accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Because petitioners received compensation, they are entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs.  515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.      Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 Petitioners request that their counsel, Ms. Kate Westad, be compensated at $350.00 per hour for all work performed on this case between 2016-2019. Petitioners also request that paralegals be compensated at $125.00 per hour and that the "litigation paralegal" be compensated at $160.00 per hour. The undersigned has previously conducted a thorough analysis of Ms. Westad's rates, finding that a reasonable rate of compensation for Ms. Westad's work is $325.00 per hour for work performed in 2016 and $350.00 per hour thereafter. See Dahl v. Sec'y of Health & Human Servs., No. 13-98V, 2018 WL 6818741, at *4-6 (Fed. Cl. Spec. Mstr. Nov. 30, 2018); Choiniere v. Sec'y of Health & Human Servs., No.

3

16-1286V, 2019 WL 518519, at *2 (Fed. Cl. Spec. Mstr. Jan. 11, 2019). In the instant case, the billing records reflect that Ms. Westad billed 8.5 hours in 2016 at $350.00 per hour. The undersigned will therefore reduce the final award of fees by **$212.50** to reflect the reduction to $325.00 per hour.

Also requiring reduction is the rate for the "litigation paralegal" of $160.00 per hour because this rate exceeds the rate at which the Vaccine Program compensates paralegal work. See OSM Attorneys' Forum Hourly Rate Fee Schedule, 2015-2016, 2017, 2018, 2019.[2] In rare instances, paralegals who possess credentials above and beyond an average paralegal have been compensated in excess of the maximum rate prescribed by the Fee Schedule. See, e.g. Cagle v. Sec'y of Health & Human Servs., No. 16-693V, 2019 WL 1894410, at *2 (Fed. Cl. Spec. Mstr. Mar. 28, 2019) (compensating a paralegal with experience as a registered nurse at $165.00 per hour). However, in this case petitioners have not provided any information explaining the credentials of the litigation paralegal and why that individual should be compensated more than other paralegals. Accordingly, the undersigned will compensate the work done by the litigation paralegal at $125.00 per hour, resulting in a reduction of **$210.00**.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the billing records and finds the number of hours billed (162.4) to require some adjustment. The main issue is one of general overbilling. For example, Ms. Westad and her paralegals appeared to view 0.2 hours as the minimum amount of time to conduct any task, whether than be sending an e-mail, placing a phone call, or reviewing a routine filing (e.g., entry on 8/18/17 for 0.2 hours on "email to client regarding status", entry on 3/23/18 for 0.3 hours for "Receive and review Scheduling Order; calendar due dates; update pleadings index and scheduling order books", entries on 4/16/18 and 4/23/18 for 0.2 hours each on "Follow-up with DOJ"). The undersigned has previously reduced an award of final fees when attorneys and paralegals overbill in this

---

[2] Office of Special Masters (OSM) Attorneys' Forum Hourly Rate Fee Schedules, accessed at http://www.cofc.uscourts.gov/node/2914.

manner. See Wood v. Sec'y of Health & Human Servs., No. 15-1568V, 2019 WL 518521, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 11, 2019) (reducing final award of fees when attorney and paralegal "routinely considered 0.2 hours to be the minimum quantity of time for communications). While the undersigned is cognizant that some communications take longer than others, it is highly unlikely that all communications in this case took a minimum of twelve minutes to complete, let alone review of routine scheduling orders and calendaring deadlines.

Additionally, paralegals billed time on tasks which are typically considered administrative/clerical, such as printing, scanning, mailing, and faxing documents (e.g., entries on 5/3/16, 10/19/16, 10/25/16, 1/27/17, 2/14/17, 2/27/17).[3] It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates").

For all these reasons, the undersigned finds a total reduction of 10% to the final award of attorneys' fees to be reasonable. This results in a total reduction of **$4,459.00**.[4] Petitioners are thus awarded final attorneys' fees of **$40,131.00**.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $8,024.45 in costs, comprising of acquiring medical records, postage, and the expert work of Dr. Justin Willer in reviewing medical records and preparing an expert report. In this case, Dr. Willer performed 14.8 hours of work and billed at $500.00 per hour.

The undersigned previously considered Dr. Willer's work in Dahl. 2018 WL 6818741, at *8. In Dahl, Dr. Willer also requested $500.00 per hour for his work and billed a total of 30.51 hours. In reducing the amount for Dr. Willer, the undersigned noted that he lacked experience in the Vaccine Program and presented billing invoices with insufficient detail to properly ascertain whether the work he

---

[3] These are merely examples and are not intended to be an exhaustive list of all instances of administrative tasks.

[4] ($45,012.50 fees requested - $422.50 rate reduction) * 0.1 = $4,459.00

Case 1:17-vv-00104-UNJ   Document 60   Filed 07/18/19   Page 6 of 7


performed was reasonable. The undersigned therefore awarded $12,000.00 for Dr. Willer's work, effectively compensating him at $393.31 per hour.[5]

Since that time, Dr. Willer has acquired more vaccine program experience, performing expert work six cases by his count. Fees App. Ex. 3 at 3. Additionally, his billing invoices provide far more clarity than before, accurately describing the time spent examining each medical record and preparing his expert report. Fees App. Ex. 2 at 3, 5. Still, as the undersigned noted in Dahl, a rate of $500.00 per hour is typically reserved for experts who have a great deal of experience in the Vaccine Program (several of the highest paid experts have authored reports in dozens of cases while also offering live testimony in entitlement hearings). While there is no doubt that Dr. Willer's increased experience and continuing involvement in Vaccine Program litigation should afford him a higher rate of compensation, six cases simply are not enough to justify payment commensurate to the very highest paid experts. In recognition of Dr. Willer's growing body of work in the program, the undersigned shall compensate his work in this matter at $425.00 per hour. But see Moran v. Sec'y of Health & Human Servs., No. 16-1224V, slip op. at 4-5 (Fed. Cl. Spec. Mstr. Jun. 3, 2019) (awarding Dr. Willer $500.00 per hour).[6] Application of this rate results in a reduction of **$1,110.00**.

The remainder of the costs are typical of Vaccine Program litigation and petitioners have provided adequate documentation to support them. Respondent has not identified any of the costs as objectionable, and the undersigned finds them to be reasonable. Accordingly, petitioners are entitled to a final award of costs in the amount of **$6,914.45**.

---

[5] The undersigned did not assign a specific hourly rate to Dr. Willer's work in Dahl, but the submitted billing invoices indicate he performed 30.51 hours of work. $12,000.00 awarded / 30.51 hours = $393.31 per hour.

[6] Moran relied upon Bakken v. Sec'y of Health & Human Servs. for support of Dr. Willer's requested rate of $500.00 per hour. Bakken v. Sec'y of Health & Human Servs., No. 16-1283V, 2018 WL 4140890, at *1-2 (Fed. Cl. Spec. Mstr. Apr. 24, 2018) However, the undersigned notes that Bakken does not contain a reasoned analysis of Dr. Willer's rate. While Moran does contain a reasoned discussion, based upon the undersigned's previous decision in Dahl and analysis of the work performed in the instant case, the undersigned finds $425.00 per hour to be a more reasonable rate.

E.      Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$47,045.45** (representing $40,131.00 in attorneys' fees and $6,914.45 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and the Larkin Hoffman Law Firm.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[7]


**IT IS SO ORDERED**.


s/Christian J. Moran
Christian J. Moran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.